UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-61269-ROSENBERG/STRAUSS

In the Matter of:

    GEORGE BAVELIS,

    Debtor.

_____/

GEORGE BAVELIS,

    Plaintiff,
vs.

TED DOUKAS, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO OVERRULE OBJECTIONS TO SUBPOENA DUCES TECUM WITHOUT DEPOSITION IN AID OF EXECUTION (DE 44)

**THIS CAUSE** has come before the Court upon Plaintiff-Debtor, George Bavelis' ("Plaintiff's") Motion to Overrule Objections to Subpoena Duces Tecum Without Deposition in Aid of Execution ("Motion"). (DE 44). District Judge Robin L. Rosenberg referred the Motion to the undersigned for appropriate disposition. (DE 47). The Court has considered the Motion, the response (DE 45), the reply (DE 46) and the record. Being otherwise duly informed, it is hereby

**ORDERED AND ADJUDGED** that that the Motion is **GRANTED** for the reasons stated herein.

1

### I.   Background

This is an enforcement action on registration of a foreign judgment. (DE 1). Plaintiff, as the judgment creditor, has been pursuing post-judgment remedies and discovery in aid of execution. (DE 44 at 2). Through this process, Plaintiff has determined that Defendant Ted Doukas ("Defendant Doukas") owns an interest in FZA Note Buyers, LLC ("FZA"), a Florida limited liability company. (DE 44 at 2). Defendant Doukas declares that FZA is owned by himself and his wife as tenants by the entirety, and that "Membership has been held in this manner since the [company was formed in Florida on January 28, 2015]." (DE 44-1 at 5; DE 45 at 2, n.1). The parties stipulated to the issuance of a subpoena to T.D. Bank, N.A., regarding FZA's bank statements and account opening information. (DE 44 at 2). The bank statements revealed numerous transfers of funds between FZA and other T.D. Bank, N.A. accounts. *Id.* Four of the accounts receiving transfers are owned by Defendant Doukas' wife or a company wholly-owned by Defendant Doukas' wife ("Target Bank Accounts"). *Id.* Plaintiff seeks documents and information on these accounts. *Id.*

Defendant Doukas objects to Plaintiff's discovery requests pertaining to the Target Bank Accounts on the basis that Plaintiff has not met his burden to show necessity under the heightened standard that is required under Florida law for discovery into third party assets. (DE 45 at 2). Further, Defendant Doukas objects to the breadth of the discovery request for the Target Bank Accounts as Plaintiff seeks statements, deposit and withdrawal slips, checks, wire and ACH instructions, account opening documents and tax documents submitted to the bank for the past five years (the "Discovery Requests") rather than just focusing on the specific transactions at issue.

### II.   Legal Standards

The scope of discovery in aid of execution is provided by Rule 69(a), which states:

> (1) *Money Judgment; Applicable Procedure*. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) *Obtaining Discovery*. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a); *see also Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4613384, at *3 (S.D. Fla. Aug. 19, 2016) (citing Florida Rule of Civil Procedure 1.560 as the applicable Florida law equivalent). "The scope of post-judgment discovery is broad[,]" and courts allow a judgment creditor the freedom of inquiry to discover concealed assets of a judgment debtor. *Santana v. RCSH Operations*, LLC, No. 10-61376-CIV, 2013 WL 12239127, at *2 (S.D. Fla. Jan. 22, 2013) (internal quotation marks and citation omitted). Furthermore, "the creditor has the right to discover any assets . . . that the debtor might have recently transferred." *Am. U. of the Caribeean v. Tien*, No. 04-CV-20834, 2018 WL 1193339, at *1 (S.D. Fla. Feb. 28, 2018) (citing *Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 970 (Fla. 2d DCA 2013). "[A]ll assets (whether held individually or jointly) are relevant to collecting the debt owed." *Id.*

Moreover, "a nonparty may be subject to postjudgment discovery where the judgment creditor can provide a good reason and close link between the unrelated entity and the judgment debtor." *2245 Venetian Court Bldg. 4, Inc. v. Harrison*, 149 So. 3d 1176, 1179 (Fla. 2d DCA 2014) (citing *Gen. Elec. Capital Corp. v. Nunziata*, 124 So. 3d 940, 942 (Fla. 2d DCA 2013). Good reason is shown by laying the proper predicate for the discovery request. *Id.* Furthermore, "it should be beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind.

1993); *see also Andrews v. Raphaelson*, No. 5:09-CV-077-JBC, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009) (collecting cases, including *United States v. Cimino*, 219 F.R.D. 695, 696–97 (N.D. Fla. 2003), for the proposition that "[a] judgment creditor is also entitled to discover information concerning the judgment debtor's spouse").

### III.   Analysis

Applying the principles set forth above, the Court concludes that Plaintiff has met his burden to establish the necessity for the Discovery Requests pertaining to the Target Bank Accounts.  Several considerations inform the Court's conclusion.

First, as Plaintiff notes, Defendant Doukas does not have a personal bank account.  (DE 44 at 4; DE 44-1 at 4).  Rather, his wife has a personal bank account in her name only.  (DE 44-1 at 4).  Second, Defendant Doukas admitted in interrogatories that he has an interest in numerous companies.  (DE 44-1 at 4-6).  Third, Plaintiff alleges that Defendant Doukas controls, if not outright owns, FZA.  (DE 46 at 1-2 and 4; DE 44 at 4).  A search of the public records provides some support for this allegation as Ted Doukas is registered as the company's agent, and he is listed as its manager.  *See* http://search.sunbiz.org/.  FZA's address is listed as 4713 Villa Mare Lane, Naples, FL 34103, and Ted Doukas, as the company's registered agent, is listed with an address of 4713 Villa Mare Lane, Naples, FL 34103.  *Id.*  Defendant Doukas' answers to interrogatories are redacted relative to the street address of his residence but list it as being in Naples, Florida 34103.  (DE 44-1 at 3).  Fourth, the transfers at issue are from an account in which Defendant Doukas has a joint interest to accounts owned solely by Defendant Doukas' spouse or an entity owned by Defendant Doukas' spouse.

All of these factors, taken together with the contention that Defendant Doukas may have transferred assets subject to execution to his nonparty spouse or entities wholly-owned by her,

establish the requisite close link and good reason to warrant discovery on the four bank accounts at issue.  Furthermore, Plaintiff has laid the proper predicate by identifying transfers of money "that could be subject to levy or execution." *2245 Venetian Court Bldg. 4, Inc.*, 149 So. 3d at 1179 ([T]"he creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred.") (internal quotations and citation omitted).

The information that Plaintiff seeks relates to accounts that are directly or indirectly owned by Defendant Doukas' spouse, and these accounts have received funds from the bank account of a company, FZA, in which Defendant Doukas has an interest and is alleged to control.  Doukas' lack of personal bank account and his admission of holding interests in multiple companies raise the idea that he is paying personal expenses out of accounts held by other people or entities beyond mere speculation.  Similarly, his alleged control of FZA and his spouse's control of the Target Accounts create good reason to think that the Target Accounts are potentially being used for just that.  Thus, the Court concludes that there is a close link between Defendant Doukas and the Target Bank Accounts, and the information sought on the Target Bank Accounts is necessary and relevant for Plaintiff to determine whether Defendant Doukas is transferring monies in order to evade collection of the judgment.  *See Democratic Republic of Congo v. Air Capital Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *1–3 (S.D. Fla. Jan. 8, 2018) (finding on successor or alter ego theories that certain facts established a close relationship between judgment-debtor and nonparties making discovery requests necessary and relevant); *see also Trustees of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993) (finding that factors "in combination . . . provide a basis for Plaintiffs' allegation of alter ego relationship sufficient to justify the requested discovery").

Having determined that the objected-to discovery is necessary, the Court next addresses whether, as Defendant Doukas claims, the scope of the discovery is overbroad. (DE 45). Defendant Doukas suggests that Plaintiff should limit discovery to "specifically identified transactions at issue," which he complains that Plaintiff has yet to describe. *Id.* at 2. Plaintiff, on the other hand, argues that "broad discovery into a third party's finances and operations is proper when a judgment creditor is attempting to execute on a judgment" and that he needs to know how the distributions from FZA are being used and treated by Defendant Doukas and his wife. (DE 46 at 2, 5). Plaintiff also argues that Defendant Doukas is late in raising the overbroad objection because, when asked for any additional bases for objections, he did not this objection until the issue was brought before the Court. *Id.* at 4-5.

The Court agrees that Plaintiff is entitled to understand how the transfers of money from FZA to Defendant Doukas' wife, directly or indirectly, are being used and to understand and investigate the creation of the Target Bank Accounts. Plaintiff has articulated a reasonable suspicion that at least some of the funds flowing from FZA to the Target Accounts are actually for Defendant Doukas' personal benefit. Plaintiff cannot sufficiently investigate this possibility by limiting its discovery to information about the specific transactions from FZA to the Target Accounts, as Defendant Doukas suggests. Rather, Plaintiff must be able to examine the broader use and nature of the Target Accounts in order to determine how they (and the funds from FZA) are actually used. The Discovery Requests to which Defendant Doukas objects are all targeted to these objectives because they seek transactional information, account opening information and tax treatment information. Thus, the Court finds that Plaintiff's Discovery Requests are warranted and does not reach the issue of whether Defendant Doukas' objections are untimely. *See Trustees of N. Fla. Operating Engineers Health & Welfare Fund*, 148 F.R.D. at 663 (allowing discovery

request to include "minute books, payroll records . . . and corporate tax returns); *Democratic Republic of Congo*, 2018 WL 324976, at *1 (allowing discovery request to include, for a four-year period, corporate tax returns, financial statements, bank statements, and evidence of transfers of real or personal property).

### Conclusion

For the foregoing reasons, Plaintiff's Motion (DE 44) is **GRANTED**, and Defendant Doukas' objections are overruled.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of July 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Robin L. Rosenberg
Unites States District Judge

Counsel of record