UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-61269-ROSENBERG/STRAUSS

In the Matter of:

    GEORGE BAVELIS,

    Debtor.

_____/

GEORGE BAVELIS,

    Plaintiff,

vs.

TED DOUKAS, *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART JUDGMENT CREDITOR'S MOTION TO ORDER JUDGMENT DEBTOR TO SIT FOR DEPOSITION IN AID OF EXECUTION, TO SHORTEN THE TIME TO RESPOND TO DISCOVERY AND TO COMPLETE A FACT INFORMATION SHEET (DE 54)**

**THIS CAUSE** has come before the Court upon Judgment Creditor's Motion to Order Judgment Debtor to Sit for Deposition in Aid of Execution, to Shorten the Time to Respond to Discovery and to Complete a Fact Information Sheet ("Motion"). (DE 54). District Judge Robin L. Rosenberg referred the Motion to me for appropriate disposition. (DE 57). I have considered the Motion, the response (DE 55), the reply (DE 56) and the record. Being otherwise duly informed, it is hereby

**ORDERED AND ADJUDGED** that that the Motion is **GRANTED IN PART AND DENIED IN PART** as further discussed herein.

1

I.      **Background**

This is an enforcement action on registration of a foreign judgment. (DE 1). Plaintiff, as the judgment creditor, has been pursuing post-judgment remedies and discovery in aid of execution. (DE 5; DE 19; DE 22; DE 23; DE 25; DE 26; DE 40; DE 44; DE 54). Plaintiff's instant Motion alleges that Judgment Debtor Ted Doukas ("Judgment Debtor") has refused to sit for a deposition in aid of execution and did not appear for a duly scheduled deposition in aid of execution on March 18, 2021. (DE 54 at 1). In support, Plaintiff alleges unsuccessful attempts to depose Judgment Creditor on a scheduled date of January 28, 2021 and alleges unsuccessful efforts to re-schedule that deposition. *Id.* at 3-4. Plaintiff also alleges that Judgment Debtor advised Plaintiff two days prior to the deposition scheduled via Zoom for March 18, 2021 that he had scheduled mediation for that date, and Plaintiff was unable to come to terms with Judgment Debtor for rescheduling that deposition. *Id.* at 4-5. Furthermore, Judgment Debtor's counsel, Mr. Decailly dialed into the March 18, 2021 deposition and indicated that Judgment Debtor was at a mediation out of state, specifically, in North Carolina. *Id.* at 5, 42. Therefore, the Court Reporter in attendance for the March 18, 2021 deposition took the names of counsel for purposes of preparing the Certificate of Non-Appearance. *Id.*

Plaintiff's Motion seeks three (3) things: (i) that the Court order Judgment Debtor to coordinate a deposition within the next 21 days and require Judgment Debtor to appear for that deposition[1]; (ii) that the Court order Judgment Debtor to provide all documents to Plaintiff that are responsive to Plaintiff's Third Request for Production in Aid of Execution, which are being produced without objection, at least seven (7) days in advance of the deposition date; and (iii) that

---

[1] Plaintiff's reply seeks to require that the deposition take place no later than June 5, 2021. (DE 56 at 4).

the Court order Judgment Debtor to complete Form 1.977 ("Fact Information Sheet"), as specified in Florida Rule of Civil Procedure 1.560(b), within ten (10) days of the Court's order.[2]  *Id.* at 8. With respect to the Fact Information Sheet, Plaintiff alleges that Judgment Debtor has refused to provide the completed form to Plaintiff without a Court order.  *Id.*

As to the first item that Plaintiff seeks, Judgment Debtor states that he and his counsel are available for a deposition on June 15, 2021, or June 18, 2021.[3]  (DE 55 at 2-3).  Judgment Debtor contends that the second item is moot because the information sought in the Third Request for Production involved banking records, and Judgment Debtor has responded and provided the responsive bank records.  *Id.* at 3.  As to the third item pertaining to a Fact Information Sheet, Judgment Debtor asserts that Plaintiff never requested that a Fact Information Sheet be completed before setting it as a precondition of rescheduling the unilaterally-scheduled March 18, 2021 deposition and never requested that the Court order same.[4]  *Id.*  Further, Judgment Debtor argues that completing the form is unnecessary and redundant because the form is intended to provide basic information (employment status/name of employer, rate of pay, schedule of payment,

---

[2] Plaintiff's reply requests that the Court order Judgment Debtor to provide the completed form no later than ten (10) days prior to the deposition.  (DE 56 at 4).

[3] Judgment Debtor explains that scheduling has been difficult due to significant health issues, including being hospitalized for over two weeks with COVID-19 and pneumonia and undergoing eye surgeries that left him with blurry vision and an inability to look at a computer screen for extended periods of time such as occurs in a Zoom deposition.  (DE 55 at 2).

[4] Judgment Debtor asserts that, in a typical collection case, a plaintiff's (judgment creditor's) attorney will often include a provision in the judgment that requires a judgment debtor to complete a Fact Information Sheet, for which the corresponding Florida rule of civil procedure (Rule 1.560(b)) sets a 45-day response period.  *Id.* at 3.

property owned, debts, etc.) that he has already provided to Plaintiff in response to extensive post-judgment discovery.[5]

## II. Legal Standards

The scope of discovery in aid of execution is provided by Rule 69(a), which states:

(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a). Thus, "[u]nder Rule 69, the Court looks both to the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure." *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4613384, at *3 (S.D. Fla. Aug. 19, 2016) (citing Florida Rule of Civil Procedure 1.560 as the applicable Florida law equivalent). "Florida Rule of Civil Procedure 1.560(b) states that in any final judgment the prevailing party may request the Court to instruct the judgment debtor to complete under oath the Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet)." *Eddy Leal, P.A. v. Bimini Dev. of Vill. W. Corp.*, No. 17-CIV-21207, 2018 WL 3672244, at *1-*2 (S.D. Fla. May 7, 2018) (requiring completion of the form following uncontested allegations pertaining to defendants' efforts to divest assets and collecting cases requiring completion of the

---

[5] Judgment Debtor discusses examples of the information provided: (1) responses to 20 interrogatories and 20 requests for production following the entry of judgment in January 2018; (2) responses to 43 additional requests for production in April 2018; (3) responses to Plaintiff's second set of interrogatories and second request for production in July 2019; and (4) since the filing of Plaintiff's Motion, responses to Plaintiff's third request for production, which involved providing 1,350 pages of records detailing income and assets and hundreds of pages of records from TD Bank.

form and citing Fla. R. Civ. P. Rule 1.560(b)).  Nonetheless, "[w]hile [a] Judgment Creditor is entitled to conduct discovery in aid of execution, such discovery must seek information that is relevant to executing the judgment against Judgment Debtors." *Pronman*, 2016 WL 4613384 at *3.

### III.   Analysis

Applying the principles set forth above, the Court concludes that: (1) Plaintiff should appear for his deposition on June 15, 2021; (2) Plaintiff's second request for all unobjected-to and responsive documents to Plaintiff's Third Request for Production in Aid of Execution is moot; and (3) Judgment Debtor should complete Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and provide it to Plaintiff no later than ten (10) days prior to the deposition as further discussed below.  The reasons for these conclusions are as follows.

First, although Judgment Debtor seeks to have the Court require the deposition to take place by June 5, 2021, the parties have confirmed availability for June 15, 2021 and June 18, 2021. While I agree that it appears that Plaintiff's motion to compel prompted Judgment Debtor to provide dates of availability when such a motion should not have been required to obtain such dates, Plaintiff has not justified why the June 15, 2021 date would be insufficient.  Plaintiff's Motion did not specifically seek a date for the deposition that was on or before June 5, 2021. Plaintiff sought only to require Judgment Debtor to coordinate dates within a twenty-one (21) day period, and Judgment Debtor has now provided dates that Plaintiff confirms will work.  Plaintiff does not explain how he would be prejudiced by a June 15, 2021 date versus a June 5, 2021 date nor does Plaintiff explain how the ten (10) days of additional time overly benefits Judgment Debtor, who avers that such a date would provide sufficient time to preclude further delay based upon Judgment Debtor's eye-related issues.  Indeed, Judgment Debtor explains that "he believes

that sufficient time has passed where he will be able to sit for a deposition on either June 15 or June 18." Therefore, rather than requiring the parties to engage in further efforts to confer and coordinate, which could easily result in further disputes and further time delays, I find that Judgment Debtor should sit for the deposition on June 15, 2021. Also, I caution Judgment Debtor that failure to appear for the June 15, 2021 deposition may result in a recommendation to the District Court for sanctions, which could include a potential finding of contempt.

Second, as to the response to Plaintiff's Third Request for Production in Aid of Execution, Plaintiff does not dispute in his reply that Judgment Debtor has provided a sufficient response. Rather, Plaintiff argues that he should receive updated bank statements from Judgment Debtor prior to the deposition. I conclude, however, that Plaintiff should follow proper discovery procedures to request updated bank statements, if necessary. Therefore, I decline to order relief that Plaintiff seeks for the first time in his reply and find that the second item sought by Plaintiff is moot.

Third, as Plaintiff correctly argues, Fla. R. Civ. P. 1.560(b) provides that "[i]n addition to any other discovery available to a judgment creditor under [Rule 1.560], the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court." Fla. R. Civ. P. 1.560. Given the delay in Judgment Debtor's ability to sit for his deposition, albeit caused by health issues, Plaintiff's request is reasonable for information that is updated and current ahead of the deposition. The Court observes, however, that it is uncontested that Judgment Debtor has provided a significant amount of information in response to Plaintiff's discovery requests. Further, Plaintiff has indicated conflicting timeframes for which it seeks a completed form 1.977. Therefore, to the extent that Judgment Debtor has

provided information that form 1.977 seeks, such information may be referenced on the form as having been provided in response to specific discovery requests. In that case, the reference should identify the specific response where Judgment Debtor provided the information. Judgment Debtor, however, shall provide updated information requested by the form that he has not previously provided and shall also provide information requested by the form that he has not otherwise provided. To provide sufficient time for Judgment Debtor to complete the form and properly reference information already provided, Judgment Debtor shall provide the completed form no later than ten (10) days prior to the deposition as Plaintiff requests in his reply.

**IV.     Conclusion**

For the reasons stated above, Plaintiff's Motion (DE 54) is **GRANTED IN PART AND DENIED IN PART**, and Judgment Debtor's objections are overruled. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Judgment Debtor shall appear for a deposition ("Deposition") on June 15, 2021;

2. Failure of Judgment Debtor to appear for the Deposition, upon motion by Plaintiff, may result in a recommendation for sanctions, including a finding of contempt;

3. Judgment Debtor shall complete and provide to Plaintiff at least ten (10) days prior to the June 15, 2021 deposition a completed Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet); and

4.  Plaintiff's request for Judgment Debtor to provide unobjected-to documents responsive to Plaintiff's Third Request for Production in Aid of Execution at least seven (7) days in advance of the deposition date is **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of May 2021.

*Jared Strauss*
**Jared M. Strauss**
**United States Magistrate Judge**

Copies furnished via CM/ECF to:

Hon. Robin L. Rosenberg
Unites States District Judge

Counsel of record